## GOODMAN *v.* COHEN.

*(Common Pleas of New York City and County, General Term.* February 10, 1890.)

STATUTE OF FRAUDS—PURCHASE OF GOODS.

An oral agreement to purchase goods damaged by fire, and to pay the price through different insurance companies which had issued policies on the goods, instead of to the owner directly, relates only to the mode of payment, and is not within the statute of frauds, as an engagement by the purchaser to answer the debt or default of any of the insurance companies.

Appeal from trial term.

An action by Israel D. Goodman to recover the sum of $105.26, a balance due from defendant, Jacob Cohen, on a sale and delivery of merchandise to him by plaintiff. The plaintiff was owner of certain goods damaged by fire. The property was insured in four companies. The companies appointed defendant as appraiser to fix the amount of damage, in conjunction with one Sunshine, appointed by plaintiff, the insured. The appraisers could not agree, and, in order to hasten the matter, defendant, who is engaged in business on his own account as an "insurance wrecker," (dealer in damaged property,) agreed to purchase from defendant $500 worth of property, and payment was to be made by defendant as follows:

$131 58 he was to pay by his check to Merchants' Insurance Company.

  157 90 to Hamburg & Bremen Insurance Company.

  105 26 to the Insurance Company of Dakota.

  105 26 to the Citizens' Insurance of Mobile.          o

—————

$500 00

The companies in turn were to pay plaintiff the amount of $1,100.00 damages, in addition to the sums paid by defendant for the goods purchased. As a condition of sale, it was agreed between plaintiff and defendant, in the event of the failure of either of the companies, defendant should make no payment to such company, but give the amount to plaintiff personally. The Citizens' Insurance Company of Mobile failed. The defendant did not pay the money to it, and to recover that amount plaintiff brought this action, and recovered judgment, from which defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Benno Loewy,* for appellant.  *H. Joseph,* for respondent.

LARREMORE, C. J.  The contract alleged by plaintiff is certainly an unusual one. Nevertheless the jury have found by the verdict that such contract was actually entered into, and the submission of the question of fact to them by the trial judge in his charge was free from error, and eminently fair. This contract, which plaintiff succeeded in establishing, was not void under the statute of frauds. It was for a sale of the damaged goods to the defendant, he agreeing to pay the price through the different insurance companies, instead of to defendant directly. The engagement on defendant's part, therefore, was not to answer the debt, default, or miscarriage of any of the insurance companies, but related simply to the mode of payment for the goods he had purchased. As to the portion of such sum which was to reach plaintiff through the conduit of the Citizens' Insurance Company of Mobile, the clause of the contract providing that, in case of the insolvency of any company, its proportion should be paid directly to plaintiff, applied, and this action is maintainable for such amount, which it does not appear defendant had paid out at all. Upon plaintiff's theory of the transaction, which the jury have accepted, the obvious consideration for the contract moving from plaintiff was the parting with title in the merchandise in question. The verdict is not against the weight of evidence, so as to induce us to interfere with it. The sale was a peculiar one, but, on the other hand, we would not feel called upon to say that

defendant was not induced to enter into such an arrangement in order to adjust and terminate a tedious negotiation. The judgment and order appealed from should be affirmed, with costs.